IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

XEROX CORPORATION                          :
                                           :
        Plaintiff,                         :
                                           :
v.                                         :    **CIVIL ACTION NO.** _____
                                           :
EAST ORANGE BOARD OF                       :
EDUCATION,                                 :    **COMPLAINT**
                                           :
        Defendant.                         :
                                           :

Plaintiff, Xerox Corporation ("Xerox"), files this Complaint against Defendant, East Orange Board of Education ("the Board"), and alleges as follows:

## I.    PARTIES

1.      Xerox is a corporation with its principal office and place of business in Stamford, Connecticut.

2.      The East Orange Board of Education is a corporate body organized pursuant to N.J.S. 18A:10-1 et seq., with its principal office and place of business located in the city of East Orange, Essex county, New Jersey.

## II.    JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332(a)(1), because the parties are corporate citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

4.      This Court has personal jurisdiction over the East Orange Board of Education because, as set forth below, the Board purposefully negotiated a contract with, accepted contractual services from, and terminated and breached its contract with Xerox in New Jersey.

1

Additionally, the East Orange Board of Education has waived sovereign immunity and, pursuant to N.J.S. 18A:11-2, may sue or be sued by its corporate name.

5.    Venue is proper in the District of New Jersey, Newark Division, pursuant to 28 U.S.C. § 1391(a)(2), because a substantial part of the events or omissions giving rise to the claims stated below occurred in East Orange, New Jersey.

### III.    FACTS COMMON TO ALL COUNTS

6.    On or about August 24, 2005, Xerox entered into a contract with the East Orange Board of Education entitled Document Services Agreement No. 7023224 (referred to herein as "the Contract") for the leasing of reprographic equipment (i.e., photocopying machines) and related services.  The machines were to be used by and benefit the various public schools supervised by the Board in the city of East Orange.  The initial term of the Contract was for five years, spanning from September 1, 2005 to August 31, 2010.  On or about August 25, 2005, the Board executed a purchase order incorporating the terms and conditions of the Contract.

7.    The Board of Education entered into the Contract with Xerox pursuant to laws and regulations permitting the Board to participate in a pre-existing agreement between the State of New Jersey and Xerox, dated May 5, 2002 and bearing number A51145 (the "State Agreement"), provided that the Board's participation and the resultant contract between the Board and Xerox contain the same terms and conditions as the State Agreement.  The State Agreement was entered into by New Jersey pursuant to the State's Cooperative Purchasing Program and related statutes and regulations.  The State Agreement explicitly incorporates by reference Xerox's proposal, which included various terms and conditions under which Xerox agreed to sell the equipment.

8.    Among other terms and conditions, Xerox's proposal provides for early termination charges in the event that the purchasing agency terminates an order prior to the

agreed-upon term. Additionally, with respect to a Government termination for non-appropriation of funds, Xerox's proposal allows the purchasing agency to terminate the order only if: (a) there no longer is a bona fide need for the equipment or functionally similar equipment; or (b) there is a continuing need, but adequate funds have not been appropriated for the purchasing agency to make payments under the lease.

9.      In addition to the terms and conditions of Xerox's proposal (which were incorporated by reference into the State Agreement), the Contract itself between Xerox and the Board contained a clause expressly providing that, should the Board terminate the contract prior to the end of its term, the Board would be liable for, inter alia, the balance due for all equipment under the Contract for the remainder of the five-year term. The related purchase order executed by the Board contained a similar provision.

10.     The parties amended the Contract multiple times to add or remove equipment and related services from the agreement. Most relevant to the present controversy is amendment number three, dated September 14, 2007 (referred to herein as the "Renewal Amendment"). The Renewal Amendment required Xerox to provide more than eighty photocopying machines, required a minimum monthly payment from the Board in excess of $70,000, and had a term of five years, spanning from October 1, 2007 to September 30, 2012. On or about September 21, 2007, the Board executed a purchase order corresponding to the Renewal Amendment, which provided that "THIS ORDER IS GOVERNED BY THE TERMS AND CONDITIONS OF THE ATTACHED XEROX DOCUMENT SERVICES AGREEMENT AMENDMENT NUMBER 3 DSA NUMBER 7023224[.]"

11.     By its explicit terms and conditions, which were accepted by the Board, the Renewal Amendment also required that, in the event of an early termination of the Contract, the

Board would be liable for the entire balance due and owing under the Contract, as modified by the Renewal Amendment.

12.     Xerox and the Board modified the Contract multiple times following the Renewal Amendment, typically to add more equipment. Such amendments contained substantially or precisely the same terms regarding the charges to be paid in the event of an early termination by the Board.

13.     On or about June 12, 2008, Board Secretary and School Business Administrator Victor R. Demming, on behalf of the Board, issued a letter to Xerox indicating that the Board was terminating any and all lease agreements with Xerox, including the Contract. In the letter, without elaboration, Mr. Demming indicated three conflicting reasons for the Board's termination of the Contract. According to Mr. Demming, the Board had determined that it was appropriate to terminate: (i) due to an alleged lack of appropriated funds for the Board to continue making payments under the contract; (ii) for the Board's convenience; and (iii) for breach by Xerox.

14.     In subsequent correspondence, Mr. Demming failed to substantiate or specify his allegations concerning a termination "for cause" (i.e., for Xerox's breach) of the contract. In fact, the only specific allegation made by Mr. Demming involved an entirely separate contract, which the parties had voluntarily closed out, at the request of – and as an accommodation to – the Board. The close out of this separate contract was completely unrelated to any alleged "cause" arising out of Xerox's performance of the Contract at issue in this action.

15.     Further, despite the Board's statements to the contrary, the Board has had access to – and never was denied – appropriated funds for the purchase of photocopying equipment or to continue to make payments under the Contract. Rather than use the appropriated funds to

honor its contractual obligation, the Board simply replaced Xerox's equipment with functionally similar equipment from one or more of Xerox's competitors.

16.    The Board's continued need and ability to purchase such services is evidenced by multiple facts, including, among others, that after the Board terminated the Contract and demanded that Xerox remove its equipment from the East Orange public schools, some public school employees: (i) apparently unaware of the Board's termination, refused to release the machines to Xerox because of their continued and immediate need; and (ii) apparently unaware of the substitution of vendors, continued to make service calls to Xerox for issues related to the competitors' machines that the Board substituted for the Xerox units.

17.    Eventually, having replaced Xerox's machines with those of one or more competitors, the Board had all of the Xerox machines gathered and stored in a dilapidated portion of a public building where they were not properly cared for and subjected to dripping water and other damaging conditions.  Once notified of the location of the machines and given access to them, Xerox collected the machines.

18.    Despite being contractually bound to do so, the Board failed to pay invoices for July and August 2008.  The Board also failed to pay the early termination charges.  Pursuant to the "early termination" provisions in both the Contract and the State Agreement, and the unpaid invoices of July and August 2008, the Board owes Xerox more than $2.1 million.  Despite repeated demands, the Board has failed to make payment and refuses to acknowledge its contractual duty to do so.

IV.    **CAUSES OF ACTION**

**FIRST CAUSE OF ACTION**
**BREACH OF CONTRACT – FAILURE TO PAY EARLY TERMINATION CHARGES
AND THE INVOICES OF JULY AND AUGUST 2008**

19.    Xerox incorporates Paragraphs 1-18 above as if set forth fully herein.

20.    The East Orange Board of Education terminated the Contract for the Board's convenience before the expiration of its term and failed to pay invoices that were due and owing.

21.    Pursuant to the Contract and related documents, the Board is liable for $2.1 million in early termination charges and for unpaid invoices.

22.    Despite demands for payment by Xerox, the Board has failed to either make payment or otherwise acknowledge its contractual obligation to make such payments. The Board's actions and inactions constitute a breach of contract.

23.    As a proximate result of the Board's breach of contract, Xerox has been and will continue to be damaged.

24.    All conditions precedent to Xerox's assertion of this claim have been performed or occurred or have been waived by the Board.

WHEREFORE, plaintiff, Xerox Corporation, demands judgment in its favor and against defendant, the East Orange Board of Education, in an amount in excess of $2.1 million, together with interest, attorneys' fees, costs of suit as allowable by law, and such other and further relief as this Court deems appropriate.

**SECOND CAUSE OF ACTION**
**WRONGFUL "FOR CAUSE" TERMINATION OF CONTRACT**

25.    Xerox incorporates Paragraphs 1-24 above as if fully set forth herein.

26.    The East Orange Board of Education has advanced an alleged "for cause" basis for terminating the Contract.

27.    The Board has failed to substantiate or otherwise articulate the basis for its "for cause" termination, and no such cause existed or exists.  Additionally, the Board failed to provide a pre-termination notice of the alleged cause, as well as an opportunity to cure or respond to same, as required by the Contract and law.

28.    The existence of an inaccurate and unjustified "for cause" termination in its contracting record is and will continue to be detrimental to Xerox as it continues to compete for State and Federal procurement opportunities.

WHEREFORE, plaintiff, Xerox Corporation, seeks: (a) pursuant to 28 U.S.C. § 2201, a declaratory judgment providing that the Board's "for cause" termination of the contract was wrongful; (b) an injunction requiring that the Board convert the "for cause" termination to a termination for convenience, with the Board being held liable for all appropriate termination settlement costs and attorneys' fees including and in addition to the monies sought under the First Cause of Action in this Complaint, or, alternatively, that the Board vacate the "for cause" termination; (c) any damages permitted by law or the contract; and (d) any such other relief this Court deems just and appropriate.

## THIRD CAUSE OF ACTION
## WRONGFUL TERMINATION FOR NON-APPROPRIATION OF FUNDS AND SUBSTITUTION OF FUNCTIONALLY EQUIVALENT EQUIPMENT

29.    Xerox incorporates Paragraphs 1-28 above as if fully set forth herein.

30.    The Board also has claimed that its termination of the Contract was justified under the non-appropriations clause in the Contract and related documents.

31.    Upon information and belief, the Board continues to have a bona fide need for photocopying equipment and related services, and it has replaced the Xerox equipment with functionally equivalent equipment from one or more of Xerox's competitors.

32.    Further, upon information and belief, the Board has had access to appropriated funds sufficient to make payments for such equipment.  As such, the termination was improper.

WHEREFORE, plaintiff, Xerox Corporation, seeks: (a) pursuant to 28 U.S.C. § 2201, a declaratory judgment that the East Orange Board of Education's termination for non-appropriation of funds was wrongful; (b) an order holding that the Board is liable for all appropriate termination settlement costs and attorneys' fees including and in addition to the monies sought under the First Cause of Action in this Complaint; (c) any damages permitted by law or the contract; and (d) such other relief as this Court deems just and appropriate.

Dated: March 27, 2009.                              Respectfully submitted,

                                                    Joseph Kernen
                                                    *joseph.kernen@dlapiper.com*
                                                    Mathew A. Goldberg
                                                    *matthew.goldberg@dlapiper.com*
                                                    DLA Piper LLP (US)
                                                    1814 East Route 70, Suite 301
                                                    Cherry Hill, NJ 08003
                                                    (732) 590-1829

                                                    Attorneys for Plaintiff
                                                    Xerox Corporation

OF COUNSEL:

Richard P. Rector
DLA Piper LLP (US)
500 8th Street, NW
Washington, D.C. 20004
T: 202.799.4403
F: 202.799.5400
*Maryland State Bar*
*District of Columbia Bar. No.* 436744

Seamus Curley
DLA Piper LLP (US)

500 8th Street, NW
Washington, D.C. 20004
T: 202.799.4400
F: 202.799.5403
*New Jersey State Bar No. 028692003*
*New York State Bar No. 4298204*
*District of Columbia Bar No. 980903*