UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

SCHWARTZ SIMON EDELSTEIN
CELSO & ZITOMER LLC
44 Whippany Road, Suite 210
P.O. Box 2355
Morristown, New Jersey 07962-2355
Telephone: (973) 301-0001
Fax: (973) 993-3152
Attorneys for Defendant,
East Orange Board of Education

---

XEROX CORPORATION,

        Plaintiff,

v.

EAST ORANGE BOARD OF
EDUCATION,
        Defendant.

: CIVIL ACTION NO. 09-1426 (JLL)(CCC)
:
: *Electronically Filed*
:
: **ANSWER AND AFFIRMATIVE**
: **DEFENSES**

---

Defendant, East Orange Board of Education, (the "Board" or "Defendant") by way of Answer to the Complaint of Plaintiff, Xerox Corporation, ("Plaintiff") says:

### I. Parties

1.    The Board does not have sufficient information to form a belief as to the truth of the allegations set forth in paragraph 1 of the Complaint and leaves Plaintiff to its proofs.

2.    The Board admits the allegations set forth in paragraph 2 of the Complaint.

### II. Jurisdiction and Venue

3.    The Board neither admits nor denies the allegations set forth in paragraph 3 of the Complaint as they call fo a legal conclusion to which no response is required.

4. The Board neither admits nor denies the allegations set forth in paragraph 4 of the Complaint as they call for a legal conclusion to which no response is required.

5. The Board neither admits nor denies the allegations set forth in paragraph 5 of the Complaint as they call for a legal conclusion to which no response is required.

### III. Facts Common to All Counts

6. With regard to the first three allegations set forth in paragraph 6 of the Complaint, the Board neither admits nor denies the allegations but instead refers to the terms of the Contract referenced therein. The Board denies the remaining allegations set forth in paragraph 6 of the Complaint.

7. As to the first allegation set forth in paragraph 7 of the Complaint, the Board neither admits nor denies the allegations as they call for a legal conclusion to which no response is required. As to the remaining two allegations set forth in paragraph 7 of the Complaint, the allegations are not directed to the Board and the Board neither admits nor denies the allegations but refers to the statutes, regulations and State Agreement referenced therein.

8. The Board neither admits nor denies the allegations set forth in paragraph 8 of the Complaint but refers to the terms of the proposal referenced therein.

9. The Board neither admits nor denies the allegations set forth in paragraph 9 of the Complaint but refers to the terms of the contract and purchase order referenced therein.

10. Other than to admit that the parties amended the Contract, the Board neither admits nor denies the remaining allegations contained in paragraph 10 of the Complaint, but refers to the Renewal Amendment and purchase order referenced therein.

11. The Board neither admits nor denies the allegations set forth in paragraph 11 of the Complaint but refers to the terms of the Renewal Amendment referenced therein.

12. The Board neither admits nor denies the allegations set forth in paragraph 12 of the Complaint but refers to the terms of any such amendments referenced therein.

13. The Board admits that its Secretary and School Business Administrator issued a letter to Xerox dated June 12, 2008. As to the remaining allegations set forth in paragraph 13 of the Complaint, the Board refers to the letter itself.

14. The Board denies the allegations set forth in paragraph 14 of the Complaint.

15. The Board denies the allegations set forth in paragraph 15 of the Complaint.

16. The Board neither admits nor denies the allegations set forth in paragraph 16 of the Complaint as such allegations call for a legal conclusion. To the extent, any response is required, the Board denies the allegations set forth in paragraph 16.

17. The Board denies the first allegation set forth in paragraph 17 of the Complaint. As the second allegation is not directed to the Board, the Board is without sufficient knowledge to form a belief as to the truth of the second allegation set forth in paragraph 17 of the Complaint.

18. The Board denies the allegations set forth in paragraph 18 of the Complaint.

### IV. Causes of Action

#### First Cause of Action
#### Breach of Contract – Failure to Pay Early Termination Charges And the Invoices of July and August 2008

19. The Board repeats and realleges each and every answer to the allegations set in paragraphs 1 through 18 of the Complaint as if fully set forth at length herein.

20. The Board denies the allegations set forth in paragraph 20 of the First Count of

the Complaint.

21. The allegations set forth in paragraph 21 of the First Count of the Complaint call for a legal conclusion to which no response is required. If a response is warranted, the Board denies the allegations set forth in paragraph 21 of the First Count of the Complaint.

22. The allegations set forth in paragraph 22 of the First Count of the Complaint call for a legal conclusion to which no response is required. If a response is warranted, the Board denies the allegations set forth in paragraph 22 of the First Count of the Complaint

23. The allegations set forth in paragraph 23 of the First Count of the Complaint call for a legal conclusion to which no response is required. If a response is warranted, the Board denies the allegations set forth in paragraph 23 of the First Count of the Complaint.

24. The Board denies the allegations set forth in paragraph 24 of the Complaint.

**WHEREFORE**, the Board demands judgment dismissing Plaintiff's Complaint with prejudice along with costs of suit, attorney's fees and such other relief as this Court deems just and proper.

### Second Cause of Action
### Wrongful "For Cause" Termination of Contract

25. The Board repeats and realleges each and every answer to the allegations set forth in paragraphs 1 through 24 of the Complaint as if fully set forth at length herein.

26. The allegations in set forth in paragraph 26 of the complaint call for a legal conclusion to which no response is required. If a response is warranted, the Board refers to the content of the June 12, 2008 letter from the Board to Xerox, as well as subsequent correspondence.

27. The allegations set forth in paragraph 27 of the Second Count of the Complaint

call for a legal conclusion to which no response is required. If a response is warranted, the Board denies the allegations set forth in paragraph 27 of the Second Count of the Complaint.

28. As the allegations set forth in paragraph 28 of the Complaint are not directed to the Board, the Board is without sufficient knowledge to form a belief as to the truth of the allegations set forth therein.

**WHEREFORE**, Defendant demands judgment dismissing Plaintiff's Complaint with prejudice along with costs of suit, attorney's fees and such other relief as this Court deems just and proper.

### Third Cause of Action
### Wrongful Termination For Non-Appropriation Of Funds and Substitution of Functionally Equivalent Equipment

29. The Board repeats and realleges each and every answer to the allegations set forth in paragraphs 1 through 28 of the Complaint as if fully set forth at length herein.

30. The Board admits the allegations set forth in paragraph 30 of the Complaint.

31. The Board admits the allegations set forth in paragraph 31 of the Complaint.

32. The Board admits the first allegation set forth in paragraph 32 of the Complaint. The second allegation set forth in paragraph 32 calls for a legal conclusion to which no response is required. If a response is warranted, the Board denies the allegations set forth in paragraph 32 of the Second Count of the Complaint.

**WHEREFORE**, the Board demands judgment dismissing Plaintiff's Complaint with prejudice along with costs of suit, attorney's fees and such other relief as this Court deems just and proper.

## AFFIRMATIVE DEFENSES

### FIRST SEPARATE DEFENSE

The Complaint, in whole or in part, fails to state a claim upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of waiver and estoppel.

### THIRD SEPARATE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of laches.

### FOURTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH SEPARATE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of governmental immunity and qualified immunity.

### SIXTH SEPARATE DEFENSE

The Board acted with good faith at all times.

### SEVENTH SEPARATE DEFENSE

Plaintiff's claims set forth in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH SEPARATE DEFENSE

The Board acted reasonably and appropriately at all times with respect to the Plaintiff.

### NINTH SEPARATE DEFENSE

The Board denies any breach of contract whatsoever.

### TENTH SEPARATE DEFENSE

The Board asserts the doctrines of collateral estoppel and res judicata.

### ELEVENTH SEPARATE DEFENSE

The Board did not violate any state or federal law, rule or regulation.

### TWELFTH SEPARATE DEFENSE

Plaintiff did not and does not have a reasonable belief that any activity of the Board violated a law, rule or regulation.

### THIRTEENTH SEPARATE DEFENSE

At all times relevant hereto, Defendant acted in accordance with all applicable policies, procedures, rules and/or regulations.

### FOURTEENTH SEPARATE DEFENSE

The Board has no liability under the legal theories and/or factual allegations asserted by the Plaintiff.

### FIFTEENTH SEPARATE DEFENSE

At all times relevant hereto, the Board acted in accordance with any and all applicable state and federal laws.

### SIXTEENTH SEPARATE DEFENSE

Plaintiff's claims are not cognizable under "wrongful for cause termination of contract" and the Board reserves the right to move to dismiss in accordance with the applicable rules.

### SEVENTEENTH SEPARATE DEFENSE

Plaintiff's claims are not cognizable under breach of contract and the Board reserves the right to move to dismiss in accordance with the applicable rules.

### EIGHTEENTH SEPARATE DEFENSE

Plaintiff's claims are not cognizable under wrongful termination for non-appropriation of funds and substitution of functionally equivalent equipment, and the Board reserves the right to move to dismiss in accordance with the applicable rules.

### NINETEENTH SEPARATE DEFENSE

Plaintiff's claims set forth in the Complaint are barred by its failure to exhaust administrative and/or alternative remedies.

### TWENTIETH SEPARATE DEFENSE

The actions alleged against the Defendant were not the proximate cause of any damage to Plaintiff.

### TWENTY-FIRST SEPARATE DEFENSE

Plaintiff has failed to mitigate its damages.

### TWENTY-SECOND SEPARATE DEFENSE

Any damages suffered by Plaintiff were caused by acts or omissions of persons or entities other than this Defendant and/or beyond the control of this Defendant.

### TWENTY-THREE SEPARATE DEFENSE

There is no factual or legal basis upon which an award for attorneys fees can be made.

### TWENTY-FOURTH SEPARATE DEFENSE

The Complaint is frivolous and defendants are entitled to an award of counsel fees and costs pursuant to Rule 11 of the Federal Rules of Civil Procedure.

## TWENTY-FIFTH SEPARATE DEFENSE

Plaintiff unreasonably failed to take advantage of preventative or corrective opportunities provided by the Board.

## TWENTY-SIXTH SEPARATE DEFENSE

The Board hereby reserves the right to add additional separate defenses based upon pre-trial discovery and such information as may hereafter become available.

SCHWARTZ SIMON EDELSTEIN
CELSO & ZITOMER LLC
Attorneys for Defendant
East Orange Board of Education

BY: _____
STEPHEN J. EDELSTEIN

DATED: May 27, 2009

## CERTIFICATION

Pursuant to Local Rule 11.2, I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action pending in any court or of any arbitration proceeding and no such action is contemplated.

SCHWARTZ SIMON EDELSTEIN
CELSO & ZITOMER LLC
Attorneys for Defendant
East Orange Board of Education

BY: _____
STEPHEN J. EDELSTEIN

DATED: May 27, 2009

{00416049; 1}                                9